UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Combs, et al.,                     Case No. 3:24-cv-737

       Plaintiffs,

   v.                                              ORDER

Alliance Shippers, Inc., et al.,

       Defendants.

On June 18, 2024, I granted Plaintiffs' motion to file a First Amended Complaint. (Doc. No. 9). But, in doing so, I noted that Plaintiffs' proposed First Amended Complaint contained insufficient jurisdictional allegations as to Defendants Performance Team, LLC, Loup Logistics Company, LLC, and "Maersk Inc. d/b/a Maersk Agency U.S.A. Inc. d/b/a Maersk Line Ltd." (*Id.* (citing Doc. No. 8-2)). Because of this, I "caution[ed] Plaintiffs that this action will be dismissed if they fail to timely demonstrate because complete diversity exists between themselves and all Defendants to this action, including those John Doe Defendants from which they see relief." (Doc. No. 9).

Acknowledging that some necessary jurisdictional information may not be readily accessible to a plaintiff at the time of filing, I did not order Plaintiffs to supplement at the time of my previous Order. But at this juncture, all named Defendants have appeared and the jurisdictional must be resolved. Therefore, I now order Plaintiffs to file an affidavit of jurisdiction no later than September 6, 2024, which contains sufficient jurisdictional allegations for me to determine the citizenship of those Defendants listed above. While I acknowledge that it remains Plaintiffs' burden to establish

this Court's diversity jurisdiction was properly invoked, I remind Defendants' counsel of this Court's expectation to actively participate in developing the relevant facts required to determine appropriate jurisdiction. As such, I urge counsel for the parties to work collaboratively in acquiring this information and drafting the affidavit so jurisdiction can be verified as soon as possible.

To aid Plaintiffs in drafting this affidavit, I remind their counsel of the applicable law. That is, with respect to the two LLC Defendants, the affidavit must set forth the identity of each member and sub-member. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). This "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). For each member and sub-member, Plaintiff must state jurisdictional allegations sufficient for me to determine the citizenship of that member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

I unable to provide Plaintiffs with further guidance as to Defendant "Maersk Inc. d/b/a Maersk Agency U.S.A. Inc. d/b/a Maersk Line Ltd." because the First Amended Complaint contains conflicting allegations as to its identity. The name of this Defendant suggests "Maersk Agency U.S.A. Inc." and "Maersk Line Ltd." are merely fictious names of "Maersk Inc." But the First Amended Complaint states, "Maersk Inc. is a parent company for, conducts intrastate business under, and operates its business through numerous subsidiaries including, but not limited to Maersk Agency U.S.A. Inc., Maersk Line, Limited, Maersk Distribution Services, Inc., Maersk Customs Services USA, Inc., and Maersk Logistics & Services USA, Inc." (Doc. No. 10 at 4).

If "Maersk Agency U.S.A. Inc." and "Maersk Line Ltd." are merely fictious names of "Maersk Inc.," or if Plaintiffs intend to sue only "Maersk Inc.," Plaintiffs shall indicate as much in the affidavit of jurisdiction.

But if "Maersk Agency U.S.A. Inc." and "Maersk Line Ltd." are, in fact, subsidiaries of "Maersk Inc.," and Plaintiffs intend to bring suit against each, they must seek leave to amend the Complaint forthwith to assert any claim against these Defendants individually.  Such a motion must cite authority showing how the citizenship of each entity is determined and set forth sufficient jurisdictional allegations for me to make such a conclusion.  For example, if "Maersk Line Ltd." is a non-corporate entity, as its name suggests, Plaintiffs must provide me with legal authority stating what facts must be considered to determine the citizenship of that type of entity and then must also provide me with those facts as applied to this particular Defendant.

Until I have verified this Court has subject matter jurisdiction over the matter, I cannot take further action.  Accordingly, I grant the outstanding requests by Defendants to extend the deadline to respond to the First Amended Complaint to the extent that I stay this deadline.  (Doc. Nos. 18 and 20).  While Defendants may file their responses earlier, I will not order they do so until and unless I conclude this Court's diversity jurisdiction was properly invoked.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge