UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Combs, et al.,                                    Case No. 3:24-cv-737

          Plaintiffs,

     v.                                                          MEMORANDUM OPINION
                                            AND ORDER

Alliance Shippers, Inc.,

          Defendants.

## I.     INTRODUCTION

On February 3, 2025, Defendant Kohls, Inc. filed a Third-Party Complaint asserting claims

against Third-Party Defendant, J.B. Hunt Transport, Inc. for breach of contract and declaratory

judgment.  (Doc. No. 29).  J.B. Hunt filed an Answer to the Third-Party Complaint on March 27,

2025, (Doc. No. 41), and then filed a motion for judgment on the pleadings on June 3, 2025.  (Doc.

No. 48).  Briefing on that motion is now complete.  (Doc. Nos. 49 and 50).

## II.     BACKGROUND

This action stems from an incident that occurred at a Kohl's distribution site in Findlay,

Ohio on June 20, 2022, which resulted in injuries to J.B. Hunt's employee, Plaintiff Christopher

Combs.  Combs describes the relevant details of the incident as follows:

> 13. Based on information and belief, Plaintiff's employer, J.B. Hunt, was contracted
> by Defendants Kohl's, Alliance Shippers, and/or John Does 2-7 to pick up a sealed
> intermodal container from one of Defendant Kohl's distribution center located at
> 7855 County Road 140, Findlay, Ohio 45840 in Hancock County, Ohio (hereinafter
> "premises").

> 14. Pursuant to that contract, on or about June 20, 2022, Plaintiff Christopher
> Combs was tasked with transporting said sealed intermodal container, further

identified as (EMHU 645662) with an "EMP" logo on the side and rear of the container, from one location on the premises to another.

15. Plaintiff was only required to secure the trailer to his hostler truck and transport the intermodal container from one row on the premises to another.

16. Said intermodal container was required to be loaded, sealed, and secured to a skeleton trailer and/or skeleton chassis prior to Plaintiff arriving to the premises.

17. Based on information and belief, pursuant to the terms of the contract between J.B. Hunt and Defendants, Plaintiff was not required to unseal the intermodal container to ensure it was properly loaded and secured to the trailer by Defendants.

18. After arriving at the loading bay at the premises, Plaintiff properly attached the hostler truck to the trailer, which the sealed intermodal container was supposed to be properly secured to by Defendants.

19. Plaintiff Christopher Combs operated the hostler truck and maneuvered the truck and said sealed intermodal container to the next row on the premises.

20. When Plaintiff attempted to back the trailer into the designated location, the improperly loaded and secured intermodal container's cargo and/or weight shifted pulling the hostler truck which Plaintiff was seated onto its back axels off the ground, and then ultimately slamming back into the ground causing serious injury to Plaintiff.

21. Based on information and belief, Defendants were aware that the subject intermodal container was overweight and failed to warn Plaintiff, or Plaintiff's employer.

22. Specifically, Defendants were advised that the container was overweight and were instructed to notify Plaintiff and/or Plaintiff's employer that the hostler truck should not be used to move or relocate the subject intermodal container.

(Doc. No. 27 at 6-7).

Based on the facts described, Combs brought claims of negligence and vicarious liability against Kohl's for its alleged involvement in loading and securing the sealed intermodal container. Combs did not bring any cause of action against his employer, J.B. Hunt. But Kohl's has asserted a cause of action against J.B. Hunt for declaratory judgment based on the following clause in the contract between itself and J.B. Hunt:

[J.B. Hunt] hereby agrees to indemnify, defend and hold [Kohl's] harmless and its parent, subsidiaries, affiliates, and their respective directors, officers, and employees,

2

harmless from and against any and all claims, actions, liability, loss, penalty, fine, damage, cost, payment and expense, including attorneys fees, which [Kohl's] may suffer, sustain or incur as a result of or arising from the Transportation Services, including, but not limited to, [J.B. Hunt's] loading, handling, transportation, unloading or delivery of any shipment pursuant to this Agreement, and any injury, death, or damages to persons or property arising from, growing out of or resulting in any manner from [J.B. Hunt's] failure to comply with any applicable laws or regulations, or [J.B. Hunt's] negligence, recklessness or act or omission, or any such act or omission by [J.B. Hunt's] agents or employees[.] This indemnification obligation shall include, but not be limited to, any and all loss, liability, damages, claims, demands, costs, and expenses of whatever nature by reason of [J.B. Hunt's] failure to comply with any specific provision of this Agreement[.] The foregoing obligation to indemnify, hold harmless and defend [Kohl's] shall not apply to the extent such damage or injury is caused by the gross negligence or acts or omissions of [Kohl's], its employees or agents.

(Doc. No. 29 at 4). Further, because Kohl's "tendered its defense and indemnity to J.B. Hunt, [and] J.B. Hunt [ ] refused Kohl's tender," Kohl's also asserts a claim of breach of contract. (*Id.* at 4-5). J.B. Hunt seeks judgment on the pleadings of both of these claims.

### III. STANDARD

Motions for judgment on the pleadings filed under Rule 12(c) of the Federal Rules of Civil Procedure are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). Under this standard, a lawsuit may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

To survive a motion to dismiss, the plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action."). Instead, the complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009) (explaining that the

plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).  Even though the factual allegations need not be "detailed," *Bell*, 550 U.S. at 555, "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV.    ANALYSIS

Before considering the parties' arguments regarding the clause at issue itself, I must address the elephant in the room: neither Kohl's nor J.B. Hunt has introduced the contract at the heart of the pending motion.

In the Third-Party Complaint, Kohl's stated, "As the contract in question is considered by both parties to be confidential, proprietary, and/or trade secret, a copy of the contract is not attached and will be produced under a duly entered protective order and/or filed under seal." (Doc. No. 29).  But since filing its Complaint, it has not sought to file the contract under seal, even in the face of J.B. Hunt's motion.  Similarly, J.B. Hunt did not attach the contract to its motion for judgment on the pleadings or seek leave to file it under seal with that motion despite the contract being "referred to in the Complaint and [ ] central to the claims contained therein." *Bassett*, 528 F.3d at 430.  In other words, while both parties could have filed the contract, neither has.  For this reason, I conclude neither may benefit from the contract's absence and reject at the outset the

4

argument made by Kohl's that J.B. Hunt's motion for judgment must be denied because the

contract is not yet in the record, in support of which Kohl's offer no legal analysis or authority.

Without the contract, my review is limited to the factual allegations in the Third-Party

Complaint alone.  Mindful that I must take those factual allegations as true and view them in the

light most favorable to Kohl's, I also reject at the outset J.B. Hunt's argument that Wisconsin law

cannot be applied at this juncture in the absence of the contract.

I agree with J.B. Hunt to the extent that the language of the alleged "Governing Law" clause

set forth by Kohl's in its opposition brief may not be considered.  (*See* Doc. No. 49 at 2).  But when

arguing "Kohl's' basis for applying Wisconsin law here comes from documents outside of the

pleadings, which runs afoul of Fed.R.Civ.P. 12(c)[,]" (Doc. No. 50 at 6), J.B. Hunt ignores the

following allegation in the Third-Party Complaint:

> Kohl's and J.B. Hunt entered into an agreement on or about July 17, 2009, in which
> J.B. Hunt agreed to perform certain services on behalf of Kohl's, including services
> that the Kohl's distribution center in Findlay, Ohio, and *that this contract would be
> governed by the laws of Wisconsin.*

(Doc. No. 29 at 3) (emphasis added).  Notably, J.B. Hunt does not argue this is not a "factual

allegation" that must be taken as true for purposes of this motion.  *Twombly*, 550 U.S. at 555.

Therefore, I will take as true that the parties agreed this contract would be governed by Wisconsin

law and view it in the light most favorable to Kohl's.  *Daily Servs., LLC*, 756 F.3d at 896.

Taking as true that the contract is governed by Wisconsin law, I decline to consider J.B.

Hunt's two contract interpretation arguments applying Ohio tort law and federal statutory

construction law.  (Doc. No. 48-1 at 4-8; Doc. No. 50 at 5).  As such, the only matter properly

before me is J.B. Hunt's argument that it is entitled to judgment on the pleadings of "Kohl's' claim

for indemnification [because it] is unripe and premature for review."  (Doc. No. 50 at 7).

When articulating the ripeness standard, J.B. Hunt cites *T.H.E. Insurance Co. v. Olson*, 51 F.4th

264 (7th Cir. 2022).  But I take a different message from this case than that advocated by J.B. Hunt.

In *T.H.E. Insurance Co.*, the court began with a discussion of Wisconsin law, stating,

> Like many states, Wisconsin distinguishes between a duty to defend and a duty to
> indemnify.  The state's Supreme Court has explained that an insurer's duty to defend
> "is broader than its duty to indemnify."  *Olson v. Farrar*, 338 Wis.2d 215, 809 N.W.2d
> 1, 7 (2012); see also *Choinsky v. Emps. Ins. Co. of Wausau*, 390 Wis.2d 209, 938 N.W.2d
> 548, 555 (2020).  "The insurer is under an obligation to defend only if it could be
> held bound to indemnify the insured, assuming that the injured person proved the
> allegations of the complaint, regardless of the actual outcome of the case."  *Olson*,
> 809 N.W.2d at 7 (quoting *Grieb v. Citizens Cas. Co. of New York*, 33 Wis.2d 552, 148
> N.W.2d 103, 106 (1967)).  Absent a duty to defend, the insurer shoulders no duty to
> indemnify on the alleged facts giving rise to the underlying injury or harm.  See
> *Choinsky*, 938 N.W.2d at 555 ("In contrast, if the complaint does not allege a covered
> claim, the insurer has no obligations under the policy.").

51 F.4th at 266.  The Court then analyzed the insurance contract before it and affirmed the district

court's determination that the insurer had no duty to defend the insured against the underlying

claims against it.  *Id.* at 267-69.

Nevertheless, the insured "urge[d] [the Court] to resist reaching the indemnity question[,] . . .

argu[ing] that the indemnity issue was not ripe for decision without a judgment on liability."  *Id.* at

270.  But the Court rejected its plea because "neither the law nor the facts are on [the insured]'s

side."  *Id.*  Relevant here, the Court explained,

> Wisconsin law allows us to reach [the insurer]'s indemnification obligations because
> the duty to defend is broader than the duty to indemnify.  See *Olson*, 809 N.W.2d at
> 7.  [The insured] does not argue that the district court's decision on the duty to
> defend was unripe.  And where the district court has found there is no duty to
> defend, the immediate legal consequence is that there is also no duty to indemnify.
> See *Choinsky*, 938 N.W.2d at 555.

51 F.4th at 270.

Similar to the insured in *T.H.E. Insurance Co.*, J.B. Hunt does not argue that a decision on the

duty to defend is unripe.  In fact, J.B. Hunt advocates for such a decision.  But for the reasons stated

above, such a decision cannot be reached based on the arguments before me.  Therefore, because

6

the duty to defend remains in dispute, and because a decision on that matter may be dispositive of

the claim for indemnification, I deny without prejudice J.B. Hunt's motion for judgment on the

pleadings of Kohl's' claim for indemnification based on ripeness.

V.      CONCLUSION

For the foregoing reasons, J.B. Hunt's motion for judgment on the pleadings is denied

without prejudice.  (Doc. No. 48).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge