UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Combs, et al.,  Case No. 3:24-cv-737

        Plaintiffs,

v.  ORDER

Alliance Shippers, Inc., et al.,

        Defendants.

The parties' joint motion for stipulated protective order is denied without prejudice. (Doc. No. 56). Specifically, I reject Paragraphs 11, 17, and 19 because they contain provisions I conclude to be at odds with the Local Rules of the Northern District of Ohio, my Standing Order regarding discovery disputes, and *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

First, as restated in this case's Case Management Order, I maintain the following Standing Order regarding discovery disputes:

> No motion relating to discovery may be filed without leave of court. If counsel cannot resolve a discovery dispute despite their good faith efforts, they should email me a joint letter (Helmick_Chambers@ohnd.uscourts.gov) summarizing the nature of the dispute and their efforts to resolve it. After I review the joint submission, my chambers will contact counsel regarding next steps toward resolution.

(Doc. No. 45 at 2). This accords with this District's Local Rule 37.1, which generally disfavors additional legal memoranda and sets forth informal procedures for handling discovery disputes. I consider a dispute over a confidentiality designation to be a "discovery dispute." Accordingly, I reject Paragraph 11 and 17of the parties' proposed stipulated protective order, which conflicts with my Standing Order and Local Rule 37.1. (*See* Doc. No. 56 at 6 and 7).

Second, *Shane Group, Inc.* distinguishes protective orders from orders to seal and stands for the position that the court should not hastily protect documents from public disclosure. 825 F.3d at 305-06. Through Paragraph 19 of their proposed stipulated protective order, (*see* Doc. No. 56 at 7-8), the parties may inadvertently muddy the waters between protection during the discovery and adjudication stages and set forth procedures I conclude to be at odds with the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). For example, in the last section of Paragraph 19, the parties propose a procedure that would effectively turn the presumption of openness on its head by inviting parties and "potentially-prejudiced" nonparties alike to object to public disclosure of not just documents that are designated as confidential under the protective order, but of *any* document counsel subjectively "believes may warrant sealing."[1] (*Id.* at 8). The parties offer no authority to suggest such a prophylactic measure to public disclosure and related motion practice is appropriate. Additionally, because counsel must adhere to the Local Rules of this District, my Standing Orders, and Sixth Circuit precedent including *Shane Group, Inc.*, I conclude the remainder of Paragraph 19 serves little purpose and may cause unnecessary confusion. Accordingly, I reject Paragraph 19.

For the foregoing reasons, the parties' motion to endorse their stipulated protective order is denied without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] Paragraph 7 provides a separate procedure to be followed by the parties themselves when one party seeks to file materials another party has designated as confidential under the protective order. (Doc. No. 56 at 5).

2