UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Christopher Combs, et al.,                                    Case No. 3:24-cv-737

        Plaintiffs,

    v.                                                        ORDER


Alliance Shippers, Inc., et al.,

        Defendants.


On May 13, 2026, Plaintiffs filed a notice seeking to unilaterally dismiss their claims against Defendant Loup Logistics Company, LLC pursuant to Rule 41(a)(1)(A)(i) and without prejudice. (Doc. No. 62).  But because Loup has filed an Answer, (*see* Doc. No. 35), Plaintiffs' claims against Loup can be dismissed only be stipulation or order of the Court.  Fed. R. Civ. P. 41(a).  As such, I order Loup to show cause as to why I should not enter an order dismissing Plaintiffs' claims against it without prejudice no later than **June 24, 2026**.

Aside from this matter is the state of discovery.  In accordance with the discussion during April 21, 2026 telephone conference with counsel, I ordered the parties to "schedule all remaining depositions for mutually-agreeable dates and file a joint status report informing me of those deposition dates no later than May 15, 2026." (*See* Apr. 21, 2026 non-document Order).  They failed to do so.  Instead, on May 18, 2026, Plaintiffs' counsel filed a unilateral status report, stating, "[d]ue to a clerical oversight on the part of Plaintiff's counsel, the parties have not confirmed all dates, however, will file a supplemental status report no later than May 22, 2026." (Doc. No. 63 at 1-2). No supplemental report – joint or unilateral – was filed.

While I appreciate Plaintiffs' counsel taking responsibility for the parties' collective failure to comply with my Order, the continued failure to cure is unacceptable.  Because I am not convinced the parties are on track to meet their August 31, 2026 discovery deadline without further judicial intervention, (*see* Feb. 4, 2026 non-document Order), I order counsel for all parties to meet and confer in person or by video conference no later **June 30, 2026**.  Following this meeting, they shall file a **joint** status report no later than **July 3, 2026**, which:

1.) States which depositions have been conducted;

2.) States all depositions that remain to be conducted and the date and method by which each deposition will occur;

3.) Details any additional discovery that must be conducted (including any expert discovery) and proposes a specific schedule by which that discovery will be completed so that the parties will meet their August 31, 2026 deadline; and

4.) Proposes anticipated next steps in the litigation, including whether or when settlement discussions might be appropriate.

Should counsel fail to comply with this Order, they will be ordered to appear in person for a show cause hearing.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge

2